UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGER H. KAYE et al., : | CIVIL ACTION NO. |
| Plaintiffs, : | 3:13-cv-347 (JCH) |
| : | |
| v. : | |
| : | |
| AMICUS MEDIATION & : | |
| ARBITRATION GROUP, INC. et al., : | |
| Defendants. : | OCTOBER 10, 2014 |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 90),
MOTION FOR STAY (Doc. No. 92)**

Defendants Amicus Mediation & Arbitration Group, Inc. ("Amicus") and Hillary Earle move the court to reconsider its Rulings of May 27 and 28, 2014 certifying classes and denying the defendants' Motion to Dismiss (Doc. No. 58) and Motion for Stay (Doc. No. 86). See Motion for Reconsideration (Doc. No. 90). They also move for a stay pending appeal. See Motion for Stay (Doc. No. 92). The facts of this case are otherwise laid out in the court's rulings of May 27 and 28, 2014 (Docs. No. 87, 89). The court denies the defendants' two Motions.

**I.    MOTION FOR RECONSIDERATION**

The defendants move the court to reconsider its Ruling (Doc. No. 89) denying the defendants' Motion to Dismiss and its Ruling (Doc. No. 87) denying their Motion for Stay.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in

other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000).  Reconsideration may also be justified by "the need to correct clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

    A.    As to the Motion to Dismiss

One part of the defendants' Motion turns on the argument that the court committed "clear error" in its Ruling of May 28 (Doc. No. 89) because it did not determine as a matter of law whether the defendants' offer of judgment exceeded the limit of damages recoverable given the allegations in the Complaint (Doc. No. 1).

In its Ruling (Doc. No. 89), the court decided that the plaintiffs stated a claim for damages exceeding the amount offered by the defendants and, consequently, that the defendants' offer would not render their claims moot.  While the court did briefly note the possibility that the Court of Appeals might reverse this decision as to the total amount actually recoverable, the defendants misunderstand the Ruling if they take it not to render a decision on this jurisdictional issue.  If the court was not clear enough for the defendants in the Ruling, let it be clear now: it is this court's conclusion at this time that the plaintiffs may recover multiple damages and that, consequently, the offer of judgment could not render their claims moot.

Amicus and Earle point to no controlling law that contravenes the court's decision in this unsettled area of law.  Instead, they merely present anew arguments that have already been considered and rejected by the court.  This rehashing of old arguments

falls short of the defendants' burden on this Motion.

      B.    <u>As to the Motion for Stay pending a petition to the FCC</u>

The defendants also argue that the court should not have denied them the stay that they sought pending resolution of a petition to the FCC.  However, they only do so by attempting to chip away at two of the rationales that the court gave when it denied the stay in the first instance.  In support of their two arguments, they cite to no "controlling decisions or data" that they claim the court overlooked, <u>Schrader</u>, 70 F.3d at 257, but merely reargue issues already thoroughly treated.  A motion for reconsideration is not simply an opportunity to reargue questions already decided by the court.

The Motion for Reconsideration is denied in all respects.

## III.    MOTION FOR STAY PENDING APPEAL

The defendants move for a stay pending resolution by the United States Court of Appeals for the Second Circuit of the defendants' petition for interlocutory appeal under Rule 23(f) of the Federal Rules of Civil Procedure, and, if that petition is granted, pending the appeal.

In deciding whether to grant a stay, a court is to consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

<u>S.E.C. v. Citigroup Global Markets Inc.</u>, 673 F.3d 158, 162 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).  A stay is an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right."  <u>Nken v. Holder</u>, 556 U.S. 418, 427 (2009) (citation and internal quotation marks omitted); <u>see</u>

also Maldonado-Padilla v. Holder, 651 F.3d 325, 327 (2d Cir. 2011) (quoting Nken, 556 U.S. at 427).

The defendants have not made any showing—let alone a "strong" one—that their petition to the Court of Appeals is likely to be granted or, if granted, that they are likely to obtain the relief that they seek. Indeed, the defendants' memoranda do not directly argue, let alone cite to cases or facts in support of any argument, that they are likely to succeed in these respects.

Despite many references to the phrase "death knell" in their filings in support of their new Motion for Stay, see, e.g., Defendants' Memorandum of Law in Support of Their Motion for a Stay (Doc. No. 93) at 4, the defendants have not made a sufficient showing that they will be irreparably harmed. The most substantial facts to which the defendants point are a few lines of deposition testimony to the effect that the company has few employees and was founded recently. See id. (referring to filings not before this court but before the Court of Appeals). They point to no hard financial information about their own finances at all. Of course, no matter the company, most every certification of a class of plaintiffs seeking damages renders it more and not less likely that a defendant will find itself subject to substantial financial liability. The mere fact (or threat) of such liability does not per se constitute irreparable harm.

The defendants make no argument that a stay will serve the public interest. Even assuming that a stay would not cause substantial harm to the plaintiffs (which the court doubts), in light of the defendants' paltry offerings on the first two prongs the court finds no good cause to stay the proceedings. The Motion is denied.

4

### III.  CONCLUSION

The defendants' Motion for Reconsideration (Doc. No. 90) and Motion for Stay (Doc. No. 92) are both **DENIED**.

**SO ORDERED.**

Dated this 10th day of October 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge