UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| ROGER H. KAYE et al., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:13-cv-347 (JCH) |
| | : | |
| v. | : | |
| | : | |
| AMICUS MEDIATION & | : | |
| ARBITRATION GROUP, INC. et al., | : | |
|     Defendants. | : | OCTOBER 29, 2014 |
| | : | |

**RULING RE: MOTION FOR CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 1292(b) (Doc. No. 115)**

Defendants Amicus Mediation & Arbitration Group, Inc. ("Amicus") and Hillary Earle move for an order certifying under section 1292(b) of title 28 of the United States Code the appealability of the court's May 28, 2014 Ruling and its October 10, 2014 Ruling declining to reconsider the June Ruling. See Motion for Certificate of Appealability (Doc. No. 115). The Motion is denied.

A district court certifies an interlocutory appeal under section 1292(b) by stating that it is "of the opinion" that the order to be appealed (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Even where the three criteria are met, the court retains discretion to deny permission for interlocutory appeal." Kuzinski v. Schering Corp., 614 F. Supp. 2d 247, 249 (D.Conn. 2009). "As [the Second Circuit] ha[s] repeatedly cautioned . . . , use of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Flor v. BOT Fin.

1

Corp., 79 F.3d 281, 284 (2d Cir.1996) (quotation marks and alterations omitted). "The use of § 1292(b) is reserved for those cases where an immediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865–66 (2d Cir.1996). "Interlocutory appeals are disfavored, and, because the procedure 'was not intended as a vehicle to provide early review of difficult rulings in hard cases,' a party seeking to appeal must demonstrate 'exceptional circumstances' justifying it." Kuzinski, 614 F. Supp. 2d at 249 (quoting Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y.2006)).

Although Rule 5(a) of the Federal Rules of Appellate Procedure does not specify a time limit for seeking certification under section 1292(b),

> reasonable simultaneity of the certification with the order certified is required. [Thus], the defendants are sunk. The requirement that the district court include the required certification in the order to be appealed, and that the appellant seek [the Circuit's] permission to take the appeal within ten days after the order, indicates that celerity was to be the touchstone of appealability under that section. The reason is not hard to see. An interlocutory appeal normally interrupts the trial even though it does not suspend the trial court's jurisdiction, and the parties ought to know at the earliest possible opportunity whether such an interruption is going to occur.

Weir v. Propst, 915 F.2d 283, 286 (7th Cir.1990); see also Ferraro v. Sec'y of HUD, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying request for certification due to two and a half month delay which indicated "that the saving of time was of little concern in this case."). The defendants provide no justification for their delaying nearly five months in requesting certification. Although they timely moved for reconsideration of the May 28, 2014 Ruling, the "time limits in section 1292(b) may not be circumvented by the facile device of asking for reconsideration of the order sought to be appealed under that section." Weir, 915 F.2d at 286. The defendants cannot now plausibly argue that

2

"immediate appeal" is warranted because it "will materially advance the ultimate termination of the litigation" or "avoid protracted litigation" rather than dragging the case out further.  If defendants were concerned with advancing the ultimate termination of the litigation, they were free to request permission to file an "immediate" appeal closer to the time of the court's order.

The Motion is **DENIED**.

**SO ORDERED**.

Dated this 29th day of October 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge